UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RICHARD L. MITCHELL, | Case No. 2:22-cv-01827-ART-BNW |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER (ECF NO. 23) AND PRELIMINARY INJUNCTION (ECF NO. 24) |
| v. | |
| OFFICER O. QUINTANILLA, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Richard L. Mitchell, an inmate in the Southern Desert Correctional Center, brings this action under 42 U.S.C. § 1983 against Defendants Officer O. Quintanilla, Sgt. Navarrete, SC/O Gonzales, and Officer Rasmussen, alleging Defendants used excessive force when subduing Mr. Mitchell after a confrontation near the prison dining hall. Before the Court are Mr. Mitchell's Motion for Temporary Restraining Order (ECF No. 23) and the identical Motion for Preliminary Injunction (ECF No. 24), and two identical motions by Defendants (ECF Nos. 27, 31) to file response documents under seal). Because there is an insufficient nexus between Mr. Mitchell's motions for injunctive relief and his underlying Complaint, the Court denies those motions. Because there is a compelling reason to seal Defendants' documents, the Court grants Defendants' motions to seal.

Mr. Mitchell's motions for injunctive relief (ECF Nos. 23, 24) complain of harassment by SC/O Gonzales, who allegedly harassed Mitchell by telling him to "drop the suit [against Defendants]," and Warden Ronald Oliver, who allegedly accosted Mitchell after Mitchell told his family about Gonzales's harassment. It appears that Mr. Mitchell seeks to stop the harassment and be transferred to "Camp"—presumably the Three Lakes Valley Conservation Camp, which is

1  adjacent to SDCC. Defendants argue, among other things, that Mr. Mitchell's
2  requests for injunctive relief should be denied because they lack a sufficient
3  nexus to the harms alleged in Mitchell's Complaint. The Court agrees with
4  Defendants.

5        A party seeking preliminary injunctive relief must demonstrate "a
6  relationship between the injury claimed in the motion for injunctive relief and
7  the conduct asserted in the underlying complaint." *Pacific Radiation Oncology,*
8  *LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires
9  a sufficient nexus between the claims raised in a motion for injunctive relief and
10 the claims set forth in the underlying complaint itself." *Id.* A "sufficient nexus"
11 exists "where the preliminary injunction would grant relief of the same character
12 as that which may be granted finally." *Id.* (internal quotation marks omitted)
13 (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).
14 "Absent that relationship or nexus, the district court lacks authority to grant the
15 relief requested." *Id.*

16       Mr. Mitchell's Complaint alleges a single instance of excessive force by
17 Defendants. (ECF No. 10.) His motions for injunctive relief relate to instances of
18 harassment by SC/O Gonzales and Warden Oliver that are unrelated to
19 Defendants' alleged use of excessive force. Mr. Mitchell's request for injunctive
20 relief therefore lacks a sufficient nexus with his underlying Complaint, and the
21 Court does not have the power to grant his motions. Allegations of retaliatory
22 conduct could be grounds for a grievance and or separate action.

23       As for Defendants' motions to file Mr. Mitchell's medical records under
24 seal, a court may seal records only when it finds "a compelling reason and
25 articulate(s) the factual basis for its ruling, without relying on hypothesis or
26 conjecture." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096
27 (9th Cir. 2016). In reviewing Defendants' motions, the Court has balanced the
28 public's interest in access to judicial records with Defendants' and Mr. Mitchell's

shared interest in Mr. Mitchell's medical privacy. *See Id.* at 1096-97 (courts must "conscientiously balance [ ] the competing interests of the public and the party who seeks to keep certain judicial records secret."). The Court finds that the records in question are related to Mr. Mitchell's medical care, and there is a compelling reason to seal these documents in order to protect Mr. Mitchell's medical privacy. The Court therefore grants Defendants' motions to seal.

It is therefore ordered that Mr. Mitchell's Motion for Temporary Restraining Order (ECF No. 23) and Motion for Preliminary Injunction (ECF No. 24) are both denied.

It is further ordered that Defendants' motions to file documents under seal (ECF Nos. 27, 31) are both granted.

Dated this 15th Day of December 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE